IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO.: 5:19-mj-00036 |
| ) | |
| MARIKA HICKMAN DAVIS, ) | |
| ) | |
| Defendant. ) | |

### O R D E R

On September 4, 2019, the undersigned entered an ***Order*** (ECF No. 14) granting the Defendant's ***Motion to Waive Right to be Charged by Information or Indictment Within Thirty Days***. (ECF No. 13). However, upon further review of 18 U.S.C. § 3161, and District Judge David Faber's Memorandum Opinion in **USA v. Brandi Martin** (Criminal Case No. 2:19-cr-00038, ECF No. 43, April 15, 2019), the undersigned is of the opinion that the Order granting the Defendant's Motion was improvidently granted as the time limits of the Speedy Trial Act require that either the matter be indicted, an information be filed or the case dismissed within 30 days of the defendant's arrest. Therefore, the undersigned hereby **VACATES** the ***Order*** (ECF No. 14) granting the Defendant's ***Motion to Waive Right to be Charged by Information or Indictment Within Thirty Days***. (ECF No. 13) and furthermore enters this Order **DENYING** the said ***Motion***. The reason for that decision follow.

### Background

A criminal complaint was filed against the defendant on August 12, 2019 charging the defendant with "Aiding and abetting the possession to distribute methamphetamine, a schedule II

controlled substance." (ECF No. 1). However, the defendant was arrested on the charge following a traffic stop on August 9, 2019. The defendant appeared before the undersigned for her initial appearance on August 12, 2019 (ECF No. 4) and her preliminary hearing and detention hearing on August 15, 2019 (ECF No. 9). The defendant waived her preliminary hearing (ECF No. 11). However, the United States filed a ***Motion for Detention*** (ECF No. 3) asserting the rebuttable presumption of detention on the basis that the defendant committed a "10+ year controlled substance offense". Subsequently, after hearing proffer and arguments of Counsel, the Court found that the defendant rebutted the presumption of detention and released the defendant on an unsecured bond. (ECF Nos. 7 and 8).

## Analysis

Judge Faber summarized the requirements of the Speedy Trial act as follows:

> The Speedy Trial Act ("the Act") requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If an indictment or information is not filed within the thirty- day period, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Dismissal is mandatory if the government fails to comply with the applicable time limits. See United States v. Cherry, 720 F.3d 161, 165 (4th Cir. 2013) (quoting 18 U.S.C. § 3162(a)(1) in recounting "the consequences for failing to timely indict . . . a defendant").

**USA v. Brandi Martin** (Criminal Case No. 2:19-cr-00038, ECF No. 43) (*footnotes omitted*).

Upon first blush, it would appear that the 30-day period anticipated by the Speedy Trial act would require that the defendant be indicted or an information be filed by September 9, 2019. However, Speedy Trial Act provides than an indictment be returned within thirty (30) "nonexcludable days". See ***US v. Leftenant***, 341 F.3d 338 (4th Cir. 2003). Included within the

Acts list of periods to be excluded in calculating the time is the period for "any period of delay resulting from other proceedings concerning the defendant". 18 U.S.C. § 3161(h)(1). Specifically, the Act provides:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> …
>
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> …

In this matter, the United States filed the Motion for Detention on August 12 and the matter was not resolved until August 15. It appears to the undersigned that the period from the filing of the Motion for Detention August 12, 2019 until the conclusion of that hearing on August 15, 2019 would be excludable from the calculation of the 30-days anticipated by the Speedy Trial Act which would extend the time necessary to return an indictment or file an information regarding this defendant.

## Conclusion

Upon further review of the relevant statute and related case law, with particular emphasis on Judge Faber's Memorandum Opinion in **USA v. Brandi Martin** (Criminal Case No. 2:19-cr-00038, ECF No. 43), the undersigned hereby **VACATES** the ***Order*** (ECF No. 14) granting the Defendant's ***Motion to Waive Right to be Charged by Information or Indictment Within Thirty Days***. (ECF No. 13). Furthermore, the undersigned does hereby **DENY** the Defendant's ***Motion***

*to Waive Right to be Charged by Information or Indictment Within Thirty Days*. (ECF No. 13)

The Court directs the Clerk to send a copy of this Order to Defendant and counsel, and to the United States Attorney.

**ENTERED**: September 9, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge